**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **TANYA S. HOOD,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No.: RWT 11-cv-2430 |
| | * | |
| **KAISER PERMANENTE,** | * | |
| | * | |
| Defendant. | * | |
| | * | |

## MEMORANDUM OPINION AND ORDER

On or around August 5, 2011, the Plaintiff, Ms. Tanya Hood, brought an action in the Circuit Court for Montgomery County, Maryland, against the Defendant, Kaiser Permanente ("Kaiser"). The Plaintiff claimed that Kaiser discriminated against her on the basis of a disability during her employment with Kaiser, in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, *et seq.* On August 30, 2011, Kaiser removed the Plaintiff's action from the Circuit Court for Montgomery County to this Court. (Doc. No. 1).

On September 6, 2011, Kaiser filed an Answer to the Plaintiff's Complaint in this Court. (Doc. No. 7). On September 13, 2011, Kaiser filed a Statement Regarding Removal. (Doc. No. 8). After the parties commenced discovery, Kaiser filed a Motion to Compel on April 16, 2012. (Doc. No. 15). On May 9, 2012, Kaiser filed a Notice with the Court indicating that the Plaintiff failed to timely oppose Kaiser's Motion to Compel. (Doc. No. 18). On May 11, 2012, Magistrate Judge William Connelly granted Kaiser's Motion to Compel. (Doc. No. 20). After a series of extensions for the discovery period, discovery is presently set to conclude on October 18, 2012. (Doc. No. 24).

On September 17, 2012, this Court received a letter from the Plaintiff indicating that she would like to withdraw her action against Kaiser. (Doc. No. 25). This Court construed the Plaintiff's letter as a Motion for Voluntary Dismissal under Rule 41 of the Federal Rules of Civil Procedure. *Id.* Because Kaiser had previously filed its Answer, the Plaintiff could not unilaterally dismiss her matter under Rule 41. Rather, dismissal required either a stipulation of dismissal signed by all parties or a Court order. On September 24, 2012, this Court directed Kaiser to file a response to the Plaintiff's Motion to Withdraw within fourteen days. (Doc. No. 25).

On September 27, 2012, Kaiser filed its Response to Plaintiff's Request for Voluntary Dismissal. (Doc. No. 26). Kaiser argues that, given the time and resources that Kaiser has spent so far litigating this matter, and given the Plaintiff's delay and lack of diligence in this action, the Court should dismiss this action with prejudice.

For the reasons stated below, the Court will grant Kaiser's request and dismiss the Plaintiff's action with prejudice.

## STANDARD OF REVIEW

Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The Court may dismiss an action under Rule 41(a)(2) with prejudice. *Choice Hotels Int'l, Inc. v. Goodwin and Boone*, 11 F.3d 469, 471 (4th Cir. 1993). "Factors a district court should consider in ruling on a Rule 41(a)(2) motion are: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e.,whether a dispositive motion is pending." *Hobbs. v. Kroger Co.*, No. 98-1831, 175 F.3d 1014, 1999 WL 156045, at *1 (4th

Cir. Mar. 23, 1999). "These factors are not exclusive, however, and any other relevant factors should be considered by the district court depending on the circumstances of the case." *Id.*

## **ANALYSIS**

The Court finds that the circumstances of this case warrant dismissal of the Plaintiff's action with prejudice. Kaiser has spent significant time, effort, and resources in litigating the Plaintiff's action, which has been an active matter in this Court since last August. Kaiser filed an Answer to the Plaintiff's Complaint and actively engaged in the discovery process. The Plaintiff's lack of diligence in this matter forced Kaiser to file a Motion to Compel, which Magistrate Judge William Connelly granted. Further, the Plaintiff provides little explanation for her request for dismissal of this action. She writes that the "stress" of this action is too much for her, and that her "health is more important." *See* Doc. No. 25-1. The Plaintiff's request is silent as to whether she requests that the dismissal be with or without prejudice. Additionally, this action is nearing the end of discovery (set to end on October 18, 2012) and approaching the pre-trial stage. This Court finds that the late stage of this action favors dismissal with prejudice.

Accordingly, it is this 3rd day of October, 2012, by the United States District Court for the District of Maryland,

**ORDERED**, that the Plaintiff's action is dismissed with prejudice.

**ORDERED**, that the Clerk is directed to **CLOSE** this case; and it is further

**ORDERED**, that the Clerk shall mail a copy of this Order to the Plaintiff.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE